IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02463-CMA-MJW

ROBERT BORNHOFEN,

Plaintiff,

v.

BRUNON LESZEK BIERNACKI, et al.,

Defendants.

## RECOMMENDATION
## THAT DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANTS

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Lewis T. Babcock on May 2, 2008.  (Docket No. 7). The case was subsequently reassigned to Judge Christine M. Arguello.  (Docket No. 36).

During a hearing on January 23, 2009, this court, *inter alia*, set a Final Pretrial Conference for August 3, 2009, at 9:00 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  (Docket No. 41, Courtroom Minutes/Minute Order).  None of the pro se defendants appeared at that January 23 hearing, but a copy of the Courtroom Minutes/Minute Order was sent to each defendant at their last know addresses in Poland.  The Courtroom Minutes/Minute Order included an order setting the August 3 hearing.  (Docket No. 41).  None of those mailings were returned to the court as undeliverable.

2

On July 31, 2009, this court entered a Minute Order vacating the August 3, 2009, Final Pretrial Conference and resetting it for August 11, 2009 at 1:30 p.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. Once again, a copy of the Minute Order was sent to each defendant at their last known addresses in Poland, and none of those mailings were returned to the court as undeliverable. Furthermore, plaintiff's counsel advised the court that he contacted one of the defendants via the last known e-mail address he had for the defendant, advising him of the Final Pretrial Conference, requesting input regarding the proposed Final Pretrial Order, and asking for the e-mail addresses of the other named defendants. That e-mail was not kicked back as undeliverable, and plaintiff's counsel did not receive a response.

Defendants, however, once again did not appear before the court, in person or by telephone, on August 11, 2009, at 1:30 p.m. as directed. Even assuming they did not receive notice that the August 3, 2009, hearing had been reset, none of the defendants appeared in person or by telephone on the originally-set date of August 3, 2009, at 9:00 a.m. Furthermore, none of the pro se defendants moved for a continuance or otherwise contacted the court concerning the Final Pretrial Conference.

Consequently, on August 11, 2009, this court issued an Order to Show Cause directing the defendants to appear in person before this court on November 2, 2009, and show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f). The court noted in that Order that in addition to a recommendation that a default judgment be entered against the defendants, other sanctions that may very well be imposed were an award of plaintiff's attorney fees and costs and a finding and order of

3

contempt. Copies of the Order to Show Cause were mailed to the defendants at their last known addresses. None of those copies were returned to the court as undeliverable. Once again, none of the defendants appeared as directed. In addition, none of the defendants contacted the court either in writing or by telephone concerning the conference.

As this court noted in the Order to Show Cause, Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) **prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence**;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

4

because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that pursuant to Fed. R. Civ. P. 16(f) a default judgment be entered against all of the defendants and that defendants be directed to pay the plaintiff's reasonable attorney fees and costs for the appearances on January 23, August 11, and November 2, 2009, for repeated failures to appear and failures to comply with court orders. It is further

**RECOMMENDED** that if the above recommendation is accepted, that the pending motion for partial summary judgment (Docket No. 53) be denied as moot.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: November 2, 2009         s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge