**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 07-cv-02463-CMA-MJW

ROBERT BORNHOFEN, and
EXCEL-JET LTD, a Colorado corporation,

    Plaintiffs,

v.

BRUNON LESLAW BIERNACKI,
MACIEJ SZYMANSKI, and
ANDRZEJ FRYDRYCHEQICZ,

    Defendants.

---

**ORDER REGARDING NOVEMBER 2, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the November 2, 2009 Recommendation by the Magistrate Judge that default judgment be entered against Defendants (Doc. # 57). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b).

The Magistrate Judge recommended entering default judgment against Defendants because of their repeated failure to appear and otherwise comply with court orders. (Doc. # 57 at 4.) The Magistrate Judge further recommended that, if the Court entered default judgment, the outstanding motion for partial summary judgment (Doc. # 53) be denied as moot. (Doc. # 57 at 4.)

The Recommendation advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. (Recommendation at 1.)  Despite this advisement, no objections to the Magistrate Judge's Recommendation were filed by either party.  "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").   Despite the lack of objection, the Court has conducted a *de novo* review of the Recommendation and determines as follows.

The Court ORDERS that the November 2, 2009 Recommendation of the United States Magistrate Judge (Doc. # 57) is ACCEPTED IN PART and DENIED IN PART.  Insofar as it recommends entering default, the Court accepts it.  Accordingly, the Court ORDERS that default be entered against Defendants pursuant to Fed.R.Civ.P. 55(a).  Insofar as it recommends entering default *judgment*, the Court rejects it.  Given the absence of an affidavit indicating Plaintiff's damages in a sum certain, the Court cannot enter default judgment.  *See* Fed.R.Civ.P. 55(b)(1).

To cure this deficiency, the Court ORDERS that, pursuant to Fed.R.Civ.P. 55(b)(2), Plaintiff submit a written request under oath specifying the relief he seeks and damages, if any, he has incurred, including reasonable attorneys' fees and costs.

Plaintiff must also submit a proposed final judgment – copies of which must be sent to Defendants.  Plaintiff shall have twenty-one (21) days from the date of this Order within which to submit the requested pleadings.

IT IS FURTHER ORDERED that a hearing concerning default judgment in this matter is set for **January 11, 2010 at 9:00 a.m.** before the undersigned in Courtroom A602 of the Arraj Courthouse.

DATED:  December   18  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge